
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIA GONZALEZ-TORRES,

Defendant-Appellant.

No.    15-30138

D.C. No. 3:11-cr-00517-HZ-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted July 6, 2016[**]
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Maria Gonzalez-Torres appeals the district court's order striking from her

criminal judgment a requirement that administratively forfeited drug proceeds be

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

used to satisfy her mandatory restitution obligation for her food stamp fraud conviction. We affirm.

The district court's restitution order was mandatory for Gonzalez's crime of food stamp fraud. *See* 18 U.S.C. § 3663A. The Oregon Department of Human Services was the victim of the food stamp fraud, an offense distinct from the drug offense that generated $84,249 seized and forfeited from Gonzalez. Accordingly, the drug proceeds cannot be used to repay money she stole from the state's food stamp program. *See* 18 U.S.C. § 981(e)(6) (although the Attorney General is authorized to transfer forfeited property or funds under limited circumstances as restoration to "any victim of the offense giving rise to the forfeiture," the Attorney General does not have the power to transfer forfeited funds to satisfy mandatory restitution orders as to a *distinct* offense).

Further, even if the forfeited money was generated from the same crime for which the court ordered restitution, only the Attorney General or his designee—not the courts—has the authority to transfer forfeited funds to compensate a victim. *See id*.

Moreover, the forfeited drug proceeds were never Gonzalez's to use to satisfy her mandatory restitution obligation. The plea agreement prohibited Gonzalez from making such a request because she agreed that "forfeiture of

2

defendant's assets shall not be treated as satisfaction of any . . . restitution." In addition, Gonzalez never held title to the funds in the first place. Under the relation back doctrine, the United States' interest in the forfeited monies vested when the defendant committed the crime. 21 U.S.C. § 853(c). Gonzalez's obligation to pay restitution to the Oregon Department of Human Services cannot lawfully be satisfied from forfeited monies that belonged to the United States from the moment the funds were generated from drug distribution.

Finally, the court's directive that the Oregon Department of Human Services should be paid from forfeited drug proceeds was factually impossible to enforce because the cash had been administratively seized by and forfeited to the government prior to Gonzalez's sentencing.

**AFFIRMED.**